UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH M. CARPINO, | Case No.: 3:18-cv-00506-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | Re: ECF Nos. 30, 31 |
| DR. MARTIN NAUGHTON, *et al.*, | |
| Defendants. | |

Before the court are Plaintiff's proposed "Orders of Default" for Defendants Dana Marks and Marsha Johns (ECF Nos. 30 and 31).

On September 25, 2019, Chief Judge Miranda M. Du issued a Screening Order which allowed Plaintiff's Complaint to proceed on Plaintiff's claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants Naughton, Marks, Johns and Mitchell. (ECF No. 3.) Additionally, the Screening Order referred the matter to the Court's Inmate Early Mediation Program, and stayed the matter for 90 days to allow Plaintiff and Defendants an opportunity to settle their dispute before the $350.00 filing fee was paid, an answer filed, or begin discovery. (*Id.* at 8.)

On December 3, 2019, the Early Mediation Conference was held, at which time a settlement was not reached. (ECF No. 7.) On December 13, 2019, the court issued its post-

mediation order which instructed the Clerk of the Court to electronically serve a copy of its order and Plaintiff's complaint on the Office of the Attorney General. (ECF No. 13.) The order also stated:

> Subject to the findings of the screening order (ECF No. 3), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

(*Id.* at 9.)

On January 2, 2020, the Office of Attorney General filed their Notice of Acceptance advising that service was accepted on behalf of Defendants Melissa Mitchell and Martin Naughton. (ECF No. 10.) Additionally, the Notice advised that service was not accepted on behalf of Defendants Marsha Johns and Dana Marks who were former employees of the Nevada Department of Corrections (NDOC), and the last known addresses of Defendants Johns and Marks were filed under seal concurrent with that filing. (*Id.*)

On January 3, 2020, the court issued its order instructing the Clerk's office to issue summonses for Defendants Johns and Marks and providing the same to the U.S. Marshal with the addresses of said Defendants provided under seal. (ECF No. 13.)

On January 13, 2020, Plaintiff filed his proposed First Amended Complaint. (ECF No. 15.) In response to Plaintiff's proposed First Amended Complaint, Defendants moved to strike the

2

amended complaint on the basis that Plaintiff's amendment was not an amended pleading pursuant to the rules. (ECF No. 16.)

On January 17, 2020, the court issued its order directing Plaintiff to file a notice with the court within 14 days of the date of the order whether there were any allegations or statements from the *original* complaint which did not appear in the *amended* complaint that Plaintiff wanted to be a part of his amended complaint. (ECF No. 17.)

On January 23, 2020, Plaintiff filed a Motion to Stay Proceedings which stated that Plaintiff "was told that surgery needed to be done to remove a portion of the colon. This will require Plaintiff to be hospitalized for a few weeks, and a lengthy recovery period." (ECF No. 18 at 2.) The court granted Plaintiff's motion and stayed the matter for a period of 90 days. (ECF No. 19.)

On February 6, 2020, the summons/USM-285 form was returned by the U.S. Marshal which reflected that Defendant Marsha Johns was served on January 29, 2020. (ECF No. 22.)

On February 12, 2020, the summons/USM-285 form was returned by the U.S. Marshal which reflected that Defendant Dana Marks was served on February 5, 2020. (ECF No. 23.) Thus, the U.S. Marshal's service occurred during the stay and responses by these Defendants (Johns and Marks) co7uld not be entered until after the stay expired (April 24, 2020).

On April 17, 2020, the court issued its Screening Order (ECF No. 26) on Plaintiff's First Amended Complaint.[1] The Screening Order allowed Plaintiff's First Amended Complaint (FAC) to proceed with the Eighth Amendment deliberate indifference to serious medical needs claims in

---

[1] The court overlooked the fact that the case was stayed for 90-days or until April 24, 2020, pursuant to the court's order of January 24, 2020 (ECF No. 19).

3

Counts 1 and 2 against Dr. Martin Naughton, Dr. Dana Marks, Dr. Marsha Johns, and Nurse Melissa Mitchell. (*Id*. at 8.)

Based on above, Plaintiff's proposed Orders of Default for Defendants Dana Marks and Marsha Johns (ECF Nos. 30 and 31) are **DENIED** as this case was stayed until April 24, 2020, pursuant to Plaintiff's motion and order granting the stay (ECF No. 19.). Pursuant to the Screening Order (ECF No. 26), the Office of the Attorney General has twenty-one (21) days to enter an appearance in this action by Monday, May 11, 2020. If the Attorney General does not enter an appearance for Defendants Marks or Johns (who have already been served with process in this matter) on or before that date, then Plaintiff will be allowed to pursue a default against said Defendants or either of them.

**IT IS SO ORDERED.**

Dated: April 28, 2020.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

4